**Paul Allen DYE, Petitioner–Appellant,**

v.

**Gerald HOFBAUER, Warden,
Respondent–Appellee.**

**No. 99–1929.**

United States Court of Appeals,
Sixth Circuit.

Aug. 24, 2004.

Rehearing En Banc Denied Nov. 2, 2004.

Michael D. Wiseman, David F. Zuppke Assoc., Bingham Farms, MI, for Petitioner–Appellant.

Janet A. Van Cleve, Laura Graves Moody, Office of the Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent–Appellee.

Before BOGGS, Chief Judge, DAUGHTREY, Circuit Judge, and ECONOMUS,* District Judge.

DAUGHTREY, Circuit Judge.

This case is before us on the respondent's petition to rehear, following entry of

---

* The Hon. Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

a judgment by the former three-judge panel on which Judge Jones sat prior to his retirement from the court. That judgment was based upon an order directing the district court to issue a writ of habeas corpus in favor of the petitioner, Paul Allen Dye, conditioned upon the state's providing Dye with a new trial within a given period of time. Following Judge Jones's retirement, a third panel judge was selected to replace him by random draw. A majority of the panel as currently constituted has voted to grant the petition to rehear.

Our prior order granted relief based on a single incident of alleged prosecutorial misconduct that the opinion characterized as being "of a sufficient magnitude to violate Dye's right to due process of law." Specifically, the petitioner claimed that the state prosecutor "improperly argued facts not in evidence, citing a nonexistent conflict between [an eyewitness's testimony] and Petitioner's [testimony]." Upon reconsideration of the merits of this claim, we conclude that this ruling cannot be sustained.

Although the claim upon which relief was granted was raised in state court, the record fails to establish that it was raised there as a violation of federal constitutional law and, therefore, it cannot constitute the basis for relief under 28 U.S.C. § 2254. See McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir.2000) (federal courts have no jurisdiction to consider a federal constitutional claim raised in a habeas petition that was not "fairly presented" to the state courts). Because the brief filed by the petitioner in his direct appeal to the Michigan Court of Appeals is not in the record, we have no way of determining exactly how he framed the issue in state court. However, the resulting opinion by the Michigan appeals court describes the claim as one charging that the state prosecutor "argue[d] facts not in evidence by arguing that defendant's version of the killing was inconsistent with the physical evidence." There is no mention of a federal constitutional violation in connection with the court's characterization of the claim, and the court analyzed it solely in terms of state law, citing two Michigan Supreme Court cases governing the limits of the prosecutor's argument to the jury and concluding that no violation of state law had occurred. These facts support the conclusion that the question was not "federalized" in state court and therefore cannot be reviewed here.

Even if the petitioner could establish that the claim raised in state court was the same as the one presented in his federal habeas petition and that the state court merely failed to characterize the issue properly in federal constitutional terms, we would still be without jurisdiction to review it. The claim stated in the § 2254 petition makes only a vague reference to a "violation of [petitioner's] right to due process of law" created by the cumulative effect of seven instances of prosecutorial misconduct, including the one now in question. The law in this circuit is clear that such general allegations of the denial of due process are not sufficient to "fairly present" a federal constitutional claim for purposes of establishing jurisdiction under § 2254. See id. at 681.

In short, it appears that the petitioner's complaint concerning the prosecutor's purported misconduct was raised as an issue of state law and that it was resolved on that basis in the Michigan courts. It follows that the claim is not cognizable on federal habeas review. See 28 U.S.C. § 2254(a).

As for the petitioner's remaining claims, all three members of the panel as previously constituted agreed that they failed to establish a basis on which to find a consti-

tutional violation that would entitle the petitioner to § 2254 relief. The petitioner did not seek a rehearing on that determination, and the panel as currently constituted has found no reason to reconsider it. Most of the claims, including alleged errors in the poll of the jury and the jury instructions, the admission of evidence that was later ruled inadmissible, the use of Dye's pre-arrest silence to impeach his trial testimony, the prosecution's purported failure to establish the victim's identity as part of the *corpus deliciti*, the introduction of evidence in violation of the attorney-client privilege, and the alleged bias reflected in the order of the Michigan Court of Appeals revoking Dye's bond on appeal *sua sponte*, were either not raised in the state courts or were decided solely on the basis of state law. In either case, they are not subject to review under § 2254. The two claims that *were* based on alleged violations of the federal constitution—the petitioner's contentions that his retrial violated the Double Jeopardy Clause and that his pre-trial statement to an arson investigator was introduced at trial in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)—were correctly found by the state courts and the district court not to merit relief.

### *CONCLUSION*

For the reasons set out above, we VACATE our previous judgment in this case and AFFIRM the judgment of the district court denying relief to the petitioner under 28 U.S.C. § 2254.