# DYE *v.* HOFBAUER, WARDEN

No. 04–8384.   Decided October 11, 2005

2

PER CURIAM.

Tried by a jury for the third time, petitioner Paul Allen Dye was convicted in the Recorders Court in Detroit, Michigan, on two counts of murder and one count of possession of a firearm during commission of a felony. His defense in each of his three trials was that the crimes were committed by one of the prosecution's key witnesses, who was present at the scene of the crimes.

The Michigan Court of Appeals upheld the convictions on direct review, *People* v. *Dye,* No. 136707 (Nov. 28, 1995) *(per curiam),* App. to Pet. for Cert. 109, and further review was denied by the Supreme Court of Michigan, *People* v. *Dye,* 453 Mich. 852, 551 N. W. 2d 189 (1996). Petitioner sought relief in habeas corpus in the United States District Court for the Eastern District of Michigan, alleging various federal constitutional claims. Denied relief, petitioner appealed to the United States Court of Appeals for the Sixth Circuit.

Over the next five years, the Court of Appeals issued various orders and two opinions in the case. 45 Fed. Appx. 428 (CA6 2002) *(Dye I);* 111 Fed. Appx. 363 (CA6 2004) *(Dye II).* In *Dye I,* a majority of a divided three-judge panel ruled the state prosecutor had engaged in flagrant misconduct during the jury trial. On this ground it reversed the District Court's order denying habeas relief. The panel did not address petitioner's other claims. 45 Fed. Appx., at 428, n. 1.

Respondent moved for panel or en banc rehearing. In the time between this motion and its disposition one of the judges in the majority retired, and the record was returned to the District Court.

In *Dye II,* a reconstituted panel granted the petition for rehearing and ruled in favor of respondent. In an opinion authored by the original panel's dissenting judge, the Court of Appeals held that, although Dye had raised a prosecutorial misconduct claim in state court, the record did not show that he presented it there as a violation of a federal right. "Because the brief filed by the petitioner in his direct appeal to

the Michigan Court of Appeals is not in the record, we have no way of determining exactly how he framed the issue in state court." 111 Fed. Appx., at 364. As further support for its conclusion, the panel noted the Michigan Court of Appeals' decision analyzed the relevant claim only in terms of state law. The panel concluded, moreover, it would decline to address the claim even if Dye had properly raised it in state court because the federal habeas corpus petition's allegations were too vague and general to be considered fairly presented. *Ibid.* Stating that its previous opinion, *Dye I*, had disposed of any remaining claims, the *Dye II* panel vacated the prior judgment and affirmed the District Court's denial of the habeas corpus petition.

Dye seeks review here. There are two errors in *Dye II* meriting reversal of the judgment.

First, the Court of Appeals was incorrect in *Dye II* to conclude that, when seeking review in the state appellate court, petitioner failed to raise the federal claim based on prosecutorial misconduct. The Court of Appeals examined the opinion of the state appellate court and noted that it made no mention of a federal claim. That, however, is not dispositive. Failure of a state appellate court to mention a federal claim does not mean the claim was not presented to it. "It is too obvious to merit extended discussion that whether the exhaustion requirement . . . has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court . . . ." *Smith* v. *Digmon*, 434 U. S. 332, 333 (1978) *(per curiam).*

Contrary to the holding of the Court of Appeals, the District Court record contains the brief petitioner filed in state court, and the brief sets out the federal claim. The fourth argument heading in his brief before the Michigan Court of Appeals states: "THE PROSECUTOR DENIED DEFENDANT DUE PROCESS OF LAW AND A FAIR TRIAL BY NUMEROUS INSTANCES OF MISCON-

DUCT." App. to Pet. for Cert. 80 (capitalization in original). Outlining specific allegations of prosecutorial misconduct, the text of the brief under this argument heading cites the Fifth and Fourteenth Amendments to the Constitution of the United States. It further cites the following federal cases, all of which concern alleged violations of federal due process rights in the context of prosecutorial misconduct: *Donnelly* v. *DeChristoforo*, 416 U. S. 637 (1974); *Berger* v. *United States*, 295 U. S. 78 (1935); *United States* v. *Valentine*, 820 F. 2d 565 (CA2 1987); *United States* v. *Burse*, 531 F. 2d 1151 (CA2 1976).

This is not an instance where the habeas petitioner failed to "apprise the state court of his claim that the . . . ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment." *Duncan* v. *Henry*, 513 U. S. 364, 366 (1995) *(per curiam)*. Nor is this a case where a state court needed to look beyond "a petition or a brief (or a similar document)" to be aware of the federal claim. *Baldwin* v. *Reese*, 541 U. S. 27, 32 (2004). The state-court brief was clear that the prosecutorial misconduct claim was based, at least in part, on a federal right. It was error for the Court of Appeals to conclude otherwise.

A second reason the *Dye II* panel denied relief was that the habeas petition filed in the United States District Court presented the prosecutorial misconduct claim in too vague and general a form. This alternative holding cannot rescue the *Dye II* judgment, for it, too, is incorrect. The habeas corpus petition made clear and repeated references to an appended supporting brief, which presented Dye's federal claim with more than sufficient particularity. See Fed. Rules Civ. Proc. 81(a)(2), 10(c). As the prosecutorial misconduct claim was presented properly, it, and any other federal claims properly presented, should be addressed by the Court of Appeals on remand.

The motion to proceed *in forma pauperis* and the petition for certiorari are granted. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*