CLAY, Circuit Judge,
dissenting.
Established Supreme Court precedent clearly provides that citing the federal source of law underlying a federal claim or labeling a claim as “federal” is sufficient to fairly present a federal constitutional claim to a state court for purposes of exhaustion in the context of federal habeas review. Because Beach indicated the federal nature of his claim in his submissions to the Ohio courts, he fairly presented his claim that the admission of his statements to police violated his due process rights. On the merits of his claim, unresolved factual issues remain as to whether police falsely promised Beach a plea to a theft offense in exchange for the statements at issue. As a result, I would remand the ease to the district court to conduct an evidentiary hearing on Beach’s due process claim. Because I disagree with the majority’s conclusion that the district court’s judgment should be affirmed, I respectfully dissent.
The majority finds that Beach failed to fairly present his claim that his statements to police officers were involuntary. However, it is clear from Beach’s brief to the Ohio Court of Appeals and his petition for review to the Ohio Supreme Court that Beach presented the claim that the trial court’s decision to admit the statements he made to police on January 18, 2000 and January 24, 2000 violated his due process rights. On direct appeal, Beach argued:
The trial court erred to the prejudice of Mr. Beach by denying his motion to exclude statements of the defendant made in the course of negotiating a plea agreements [sic] in violation of [Rule 410 of the Ohio Rules of Evidence] and in violation of his due process rights guaranteed under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.
(J.A. 85.) Beach further contended that because the trial court erred in admitting the statements, a new trial was necessary “to protect [his] due process rights as guaranteed under the fifth, sixth, and fourteenth amendments to the United States constitution [sic] and the corresponding portions of the Ohio constitution.” (J.A. 103.) Similarly, in petitioning for discretionary review in the Ohio Supreme Court, Beach argued that the statements he made to police were “inadmissible” under “the due process clause of the United States Constitution and the Amendments [sic] Five, Six, and Fourteen of the same constitution.” (J.A. 201.)
These arguments fairly presented to the Ohio courts Beach’s claim that the trial court violated his due process rights by admitting into evidence statements allegedly obtained by police coercion based on false promises of leniency. The Supreme Court has stated that “[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim ... by *16 citing in conjunction with the claim the federal source of law on which he relies ... or by simply labeling the claim ‘federal.’” Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). Thus, a petitioner need only label his claim as “federal” or cite “the federal source of law” in connection with his claim. Baldwin, 541 U.S. at 32, 124 S.Ct. 1347; see Stuart v. Wilson, 442 F.3d 506, 514 (6th Cir.2006) (finding that the petitioner fairly presented his claim because the “[petitioner stated that his claim as to the admission of the hearsay statements was based in part on the United States Constitution”); Daniels v. Lafler, 192 Fed.Appx. 408, 418 (6th Cir.2006) (concluding that the petitioner “definitively placed a federal label on both his impeachment and hearsay claims” by arguing that the trial court’s error “was not merely evidentiary” but also “negatively impacted on defendant’s constitutional right to a fair trial”).[1] In his state court briefs, Beach argued that the admission of the statements to police was contrary to the federal due process clause, invoking the federal source of law of his involuntariness claim. Beach also cited the specific federal constitutional amendments relevant to his due process claim, further identifying his claim regarding the trial court’s admission of his statements as a federal one.
Moreover, as required by this Court’s decision in Newton v. Million, 349 F.3d 873 (6th Cir.2003), Beach properly set forth the factual and legal basis for his federal habeas claim. See id. at 877. First, regarding the factual basis of his claim, Beach stated that the trial court erroneously admitted the statements that he made to police officers during the interviews of January 18, 2000 and January 24, 2000. Beach also identified the allegedly false and coercive promise-a plea to a fourth-degree felony theft offense. With respect to identifying the legal basis of his claim, Beach argued that the trial court’s decision to admit his statements violated his federal due process rights. Additionally, even though Beach was not required to cite the specific constitutional provision under which his claim arose, see id., Beach asserted that the admission of his statements violated the Fifth and Fourteenth Amendments of the United States Constitution.
Because Beach set forth both the factual and legal basis for his federal habeas claim in the state courts, and clearly labeled his claim as “federal,” see Baldwin, 541 U.S. at 32,124 S.Ct. 1347, he has fairly present *17 ed his claim for purposes of federal habeas review. I would therefore conclude that the district court erred in finding that Beach’s involuntariness claim is procedurally defaulted.[2]
I also disagree with the majority’s conclusion that requiring an evidentiary hearing on the merits of Beach’s claim that his statements were coerced by false promises of leniency would be a “waste of time and judicial resources.” (Majority Op. at 13.) Beach argues that his “will was overborne by promises from investigating agents” that he could plead to a theft offense in exchange for his statements on January 18, 2000 and January 24, 2000. Specifically, Beach asserts that “Accettola and Weigian [sic] had conversations in which Accettola offered a statement from [Beach] ... in exchange for a plea to a theft offense. [Beach] agreed to this arrangement, and subsequently met with detectives on a couple of occasions, providing them with information.” (J.A. 15). Beach alleges that, in his meetings with officers on “January 19[sie] and January 24, .... [Beach] was informed that in exchange for his testimony, he would be offered a plea to a theft offense,” and “[i]t was solely on this basis that [Beach] made a statement.” (Pet’r Br. 20.)
“[Promises of leniency may be coercive if they are broken or illusory.” United States v. Johnson, 351 F.3d 254, 262 (6th Cir.2003). “[W]hen promises of leniency ... have a coercive effect on a suspect, we are obliged to inquire whether the coercion in question was sufficient to overbear the will of the accused.” Id. at 261 (quoting Williams v. Withrow, 944 F.2d 284, 289 (6th Cir.1991)). Here, it is unclear from the record whether police offered Beach a plea to a theft offense in exchange for his statements on January 18, 2000 and January 24, 2000. Although there is evidence that police did not promise Beach a plea to a theft offense until January 25, 2000, the day after Beach made the statements that he claims were coerced with a promise that he could plead to a fourth-degree felony theft-offense, there is also evidence to the contrary. For example, a portion of Ac-cettola’s testimony during the state eviden-tiary hearing suggests that Beach was aware of the possibility of a polygraph test, a condition of the alleged plea agreement, prior to making the statements at issue. Specifically, Accettola testified that, during the interview with police on January 18, 2000, he encouraged Beach to be more forthcoming with police. In response, Beach “assur[ed] [him that] he will [tell the truth] when he takes the polygraph.” (J.A. 292.)
Based on these unresolved factual issues regarding whether police offered Beach a plea to a theft offense in exchange for his statements on January 18, 2000 and January 24, 2000, the record is insufficient for this Court to determine whether Beach’s statements were involuntary based on police coercion in making false promises of leniency. Accordingly, I would remand this case to the district court, with instructions to conduct an evidentiary hearing so that a more fully developed record can be made which would allow this Court to conduct meaningful appellate review of the merits of Beach’s habeas petition. I therefore respectfully dissent from the majority’s decision to affirm the judgment of the district court dismissing Beach’s habeas petition.

. The majority attempts to undermine the impact of Baldwin by arguing that Baldwin did not "supplant[] the four-factor test” applied in this Circuit in assessing whether a petitioner fairly presented his claim to the state courts. (Majority Op. at 11 n. 2.) While several cases decided after Baldwin have listed these four factors as considerations relevant to the fair-presentation inquiry, the actions listed are only relevant or “significant” to— not determinative of — the ultimate inquiry of whether a petitioner asserted the factual and legal basis of his claim. See Whiting v. Burt, 395 F.3d 602, 613 (6th Cir.2005). Further, to the extent the majority suggests that the four-factor test controls to the exclusion of the Supreme Court’s instruction in Baldwin that a petitioner may cite "the federal source of law on which he relies,” we are bound by Baldwin. See Johnson v. City of Cincinnati, 310 F.3d 484, 501 (6th Cir.2002). Moreover, contrary to the majority's implication, Dye v. Hofbauer, 546 U.S. 1, 126 S.Ct. 5, 163 L.Ed.2d 1 (2005) (per curiam,) does not set forth a four-factor test that courts must apply. Instead, in reversing the determination below that the petitioner had failed to fairly present his claim, the Supreme Court noted that the case was not one where the petitioner failed to “apprise the state court” that the claim was “based, at least in part, on a federal right.” Id. at 4, 126 S.Ct. 5. To support its holding, the Supreme Court noted the petitioner's citation of federal case law and constitutional provisions — it did not impose a rigid four-factor test. Id.

. Because Beach fairly presented his involuntariness claim to the state courts, it is unnecessary to address, as the majority does, Beach's argument that the ineffective assistance of appellate counsel excuses the procedural default of his involuntariness claim.