**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO LOPES-BENITEZ, | No. 12-16565 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-00543-ECR-VPC |
| v. | |
| E.K. MCDANIEL, Warden and NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Senior District Judge, Presiding

Argued and Submitted November 8, 2013
San Francisco, California

Before: FARRIS, BLACK[**], and IKUTA, Circuit Judges.

Mario Lopes-Benitez appeals the district court's dismissal of certain claims

in his amended habeas petition as untimely under 28 U.S.C. § 2244(d). We have

jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

On the facts of this case, extraordinary circumstances did not prevent Lopes from timely filing the new claims he raised in the amended petition. *Cf. Holland v. Florida*, 130 S. Ct. 2549, 2562–63 (2010). Because the district court equitably tolled the one-year statute of limitations until Lopes filed his initial petition on October 1, 2008, Lopes had a full year to file any amended petition. 28 U.S.C. § 2244(d)(1). The district court appointed counsel on April 1, 2009, with six months remaining before the deadline for filing any new claims. Because Lopes had the assistance of counsel for six months, the untimeliness of the petition is due not to extraordinary circumstances, but to his attorney's delay or lack of diligence. *Cf. Coleman v. Thompson*, 501 U.S. 722, 755–57 (1991). Lopes consequently fails to clear the "very high" threshold necessary to trigger equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alterations omitted).

Nor is statutory tolling appropriate. Even assuming the prison library system was so deficient as to constitute a state-created constitutional impediment, the record shows that Lopes failed to interact with the library after he filed his initial petition. Consequently, there was no "causal connection between the unlawful impediment and [Lopes's] failure to file a timely habeas petition." *Bryant v. Schriro*, 499 F.3d 1056, 1060 (9th Cir. 2007).

Finally, the district court appropriately concluded that the four new claims at issue on appeal did not relate back. No "common 'core of operative facts' unit[es] the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). Moreover, the district court did not err in declining to consider the state court records that Lopes filed months after his initial petition as raising the four new claims, because such claims were not "clear[ly] and repeated[ly] reference[d]" in his petition. *Dye v. Hofbauer*, 546 U.S. 1, 4 (2005); Fed. R. Civ. P. 10(c); Rules Governing Section 2254 Cases in the United States District Courts 2(c).

**AFFIRMED.**