**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DENNIS RAY BARNETT,

                Petitioner - Appellant,

    v.

BRIAN DUFFEY,

                Respondent - Appellee.

No. 13-16564

D.C. No. 5:08-cv-01604-RMW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted October 20, 2015
San Francisco, California

Before: D.W. NELSON, CLIFTON, and N.R. SMITH, Circuit Judges.

Dennis Barnett, a California state prisoner, appeals the district court's

dismissal of his 28 U.S.C. § 2254 habeas petition. Barnett raised several different

ineffective assistance of counsel claims in his pro se petition, but the claim at issue

in this appeal—stemming from the alleged failure of trial counsel to raise Barnett's

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

competency following Barnett's testimony at trial—was "buried," by Barnett's own description, amid hundreds of pages of evidentiary exhibits appended to his petition. We conclude that Barnett did not adequately plead the contested ineffective assistance of counsel claim and affirm the dismissal of his petition.

A pro se habeas petition is "given the benefit of liberal construction," *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010), but even "a liberal interpretation . . . may not supply . . . [a] claim that [was] not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, it is well established that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Here, "Rule 2(c) of the Rules Governing Habeas Corpus Cases . . . instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'" *Mayle v. Felix*, 545 U.S. 644, 649 (2005) (citation omitted). Nonetheless, a federal habeas petitioner adequately pleads an otherwise ambiguous claim by making "clear and repeated" references to an appended supporting brief that presents the claim with sufficient particularity. *Dye v. Hofbauer*, 546 U.S. 1, 4 (2005).

Barnett failed to plead the ineffective assistance of counsel claim at issue in this appeal with the requisite specificity. The petition's general references to hundreds of pages of attached exhibits are insufficient to incorporate the claim. *See Dye*, 546 U.S. at 4; *cf. Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Although Barnett's state habeas petition contains the ineffective assistance of counsel claim at issue in this appeal, Barnett did not make clear and repeated references to the attached state petition in his federal habeas petition. Of the thirty pages of his federal habeas petition, Barnett made only two references to his state habeas petition and neither reference clearly indicates that he intended to incorporate into his federal petition the claims of his state petition. "Habeas claims that are not raised before the district court in the petition are not cognizable on appeal." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (citing *King v. Rowland*, 977 F.2d 1354, 1357 (9th Cir. 1992)).

Barnett asserts that the district court should have considered an amended pro se habeas petition that he mailed to the district court in December 2008. Barnett does not suggest that the proposed amended petition should have been filed. Rather, Barnett's argument appears to be that the district court should have treated the document as further evidence informing the evaluation of whether Barnett's original federal habeas petition indicated an intent to incorporate the contested

ineffective assistance of counsel claim. Barnett cites no authority for the proposition that a district court is obligated to look beyond the petition and attached exhibits when determining whether that petition adequately pleads a claim. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts (directing the inquiry at the motion to dismiss stage to "the petition and any attached exhibits").

**AFFIRMED.**