FILED

NOV 03 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. NC-15-1031-DJuTa |
| ) | |
| BOOKER THEODORE WADE, JR., ) | Bk. No. 13-50376 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| BOOKER THEODORE WADE, JR., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | **M E M O R A N D U M**[1] |
| ) | |
| ARLENE STEVENS, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Submitted Without Argument
on October 23, 2015

Filed - November 3, 2015

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Stephen L. Johnson, Bankruptcy Judge, Presiding

Appearances:      Appellant Booker Theodore Wade, Jr. pro se on brief;
                  David Hamerslough of ROSSI, HAMERSLOUGH, REISCHL &
                  CHUCK on brief for Appellee Arlene Stevens.

Before:  DUNN, JURY, and TAYLOR, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

1

The chapter 7[2] debtor in a no-asset case sought an order from the bankruptcy court awarding him an exemption in his residence property. The bankruptcy court determined that the relief it could award was limited to an order recognizing that the claimed exemption was valid for purposes of the bankruptcy case only. The debtor appealed, asserting that the bankruptcy court erred when it did not determine that the "allowed" exemption was effective in state court proceedings in which a judgment creditor was seeking to exercise rights against the subject property.

For the reasons stated below, we AFFIRM.

## I.  FACTUAL BACKGROUND

Since 2007, Appellant Booker Theodore Wade, Jr. and Appellee Arlene Stevens have been in litigation to resolve disputes, both personal and business in nature, stemming from the termination of their personal relationship. They reached a judicially-supervised settlement ("Settlement") for the division of their interests in property in 2009. This appeal relates specifically to a parcel of real property ("Property") in Palo Alto, California, as to which the Settlement required a sale and division of proceeds 60% to Ms. Stevens and 40% to Mr. Wade.

---

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and any "Local Rule" reference is to the local rules of the Bankruptcy Court for the Northern District of California. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

In the course of his efforts to prevent Ms. Stevens from realizing on her interest in the Property, Mr. Wade filed a chapter 11 petition on January 22, 2013. Mr. Wade listed the Property in Schedule A with a value of $710,250. In Schedule D, Mr. Wade included the consensual lien on the Property of Rushmore Loan Management Services, LLC in the amount of $674,945.[3] In Schedule C, Mr. Wade claimed the Property as exempt pursuant to Cal. Code Civ. Proc. § 704.730 in the amount of $175,000.

On September 5, 2013, the bankruptcy court granted Ms. Stevens relief from the automatic stay ("First Stay Relief Order") to return to the Superior Court to request entry of a judgment on the Settlement. The First Stay Relief Order also denied Mr. Wade's motion to reject the Settlement as an executory contract. Mr. Wade did not appeal the First Stay Relief Order. On June 13, 2014, the Superior Court entered a judgment ("Judgment") with respect to enforcement of the Settlement, pursuant to which (1) Mr. Wade's 40% interest in the Property was forfeited to Ms. Stevens because of the additional liability she incurred from Mr. Wade's failure to comply with the terms of the Settlement, and (2) Mr. Wade was to transfer the Property to Ms. Stevens by

---

[3] The Property also was encumbered by a judgment lien in the amount of $756,919.10 which was avoided during the course of separate proceedings in the bankruptcy case. In addition, Forest View Homeowners Association filed a proof of claim, asserting a secured claim in the Property based upon unpaid HOA assessments in the amount of $60,929.82. Resolution of Mr. Wade's objection to that proof of claim is the subject of a separate appeal.

3

quitclaim deed.

On July 15, 2014, Mr. Wade's bankruptcy case converted from chapter 11 to chapter 7. On August 19, 2014, the chapter 7 trustee filed a no-asset report. By its order ("Second Stay Relief Order") entered October 10, 2014, the bankruptcy court granted relief from stay to Ms. Stevens to return to the Superior Court to enforce the Judgment. Mr. Wade did not appeal the Second Stay Relief Order. Mr. Wade's chapter 7 discharge was entered on October 21, 2014.

On November 4, 2014, Mr. Wade filed the motion that is the subject of this appeal. Specifically, Mr. Wade filed a motion ("Exemption Motion") pursuant to Local Rule 4003-1(a) for the purpose of obtaining an order approving his claimed exemption in the Property. Through the Exemption Motion, Mr. Wade also sought to prohibit Ms. Stevens from collecting her debts against Mr. Wade's exempt interest in the Property.

The bankruptcy court granted the Exemption Motion in part. In particular, the bankruptcy court approved the exemption claimed in Schedule C because no party in interest objected to the exemption within 30 days after the conclusion of the meeting of creditors as required by Rule 4003(b)(1).

The bankruptcy court, however, declined to make any determination of the effect of the allowed exemption either on the Settlement or the Judgment because such a determination was beyond the scope of a Local Rule 4003-1(a) proceeding. The bankruptcy court further declined to order additional relief Mr. Wade sought through the Exemption Motion, such as a bar precluding Ms. Stevens

4

from collecting debts against the Property in light of the allowed exemption. Finally, the bankruptcy court observed that whether the exemption ultimately had any value or validity aside from removing the Property from the bankruptcy estate was to be decided in proceedings in the Superior Court if and when necessary or appropriate.

The order granting the Exemption Motion was entered on January 15, 2015, and this timely appeal followed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Whether the bankruptcy court erred when it refused to rule that the exemption it had allowed in the Property retained its validity in state court proceedings.

Whether the bankruptcy court erred in refusing to determine that the Settlement and Judgment were void under state law.

## IV. STANDARDS OF REVIEW

The right of a debtor to claim an exemption is a question of law we review de novo. Elliott v. Weil (In re Elliott), 523 B.R. 188, 191-92 (9th Cir. BAP 2014).

We may affirm the bankruptcy court's orders on any basis supported by the record. See ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014); Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

/ / /

5

## V. DISCUSSION

A. An Exemption "Approved" By the Bankruptcy Court Only Establishes a Debtor's Right To Assert the Exemption in the Bankruptcy Case.

This appeal stems from Mr. Wade's failure to understand that the term "exemption" within a bankruptcy case has a different and more limited effect than does the term in a state court context. This appeal concerns whether the bankruptcy court committed error in its application of § 522(b) and Local Rule 4003-1. Local Rule 4003-1 provides in relevant part:

> Rule 4003-1. Exempt Property.
>
> (a) Orders Setting Apart Exemptions.
>
> If no objection to a claim of exemption has been made in a Chapter 7 case within the time provided in Bankruptcy Rule 4003(b), the Court may, at any time, without a hearing and without reopening the case, enter an order approving the exemptions as claimed.

In reliance on this rule, Mr. Wade filed a motion requesting that the bankruptcy court approve his exemption in the Property in all contexts, but specifically in connection with Ms. Stevens' efforts to exercise her state court rights as to the Property.

The bankruptcy court articulated carefully the "law governing exemptions **in bankruptcy cases**." We restate it more generally here. Pursuant to § 541, the filing of the bankruptcy petition creates an estate, which is comprised of all of a debtor's assets. The debtor then has the right to claim either state law or federal bankruptcy law exemptions, as appropriate under state law, in the assets that now constitute the bankruptcy estate. If no timely objection is made to the debtor's claim of exemption in a particular asset, the

6

exemption is allowed for bankruptcy purposes. The effect of an allowed bankruptcy exemption is to withdraw from the bankruptcy estate property with respect to which the exemption is claimed and to revest in the debtor any interest he might have in that property. See Taylor v. Freeland & Kronz, 503 U.S. 638, 642-43 (1992).

To be clear, the sum and substance of the allowance of the claim of an exemption is to declare that the exempt property will not be used to satisfy, **in the bankruptcy case**, the claims of creditors. See § 522(b)(1) ("Notwithstanding section 541 of this title, an individual debtor may exempt **from property of the estate** . . . ."). Nothing in § 522 purports to govern the effect of any claim of exemption outside of the bankruptcy case.

B.    The Dispute Between Mr. Wade and Ms. Stevens No Longer Was Within the Scope of the Bankruptcy Court's Jurisdiction At the Time the Exemption Motion Was Filed.

The First Stay Relief Order was entered October 5, 2013, and included a denial of Mr. Wade's motion to reject the Settlement as an executory contract. The First Stay Relief Order authorized Ms. Stevens to return to state court specifically to enforce the Settlement. After further proceedings, the state court entered the Judgment which divested Mr. Wade of his interest in the Property.[4]

---

[4]  A review of the docket reflects that after the Judgment was entered, Mr. Wade made a concerted effort to attack it in the bankruptcy court. For instance, he filed an ex parte motion to declare it void for the reason that the entry of the Judgment exceeded the scope of the stay relief that had been granted. The bankruptcy court denied the ex parte motion both because it was not accompanied by a notice and because Mr. Wade provided no authority
(continued...)

7

The Second Stay Relief Order was entered October 15, 2014, and specifically included relief to allow Ms. Stevens to exercise her rights, as described in the Judgment, as to the Property.

None of the prior orders of the bankruptcy court were appealed.

In his final effort to block Ms. Stevens from enforcing the Judgment, Mr. Wade filed the Exemption Motion. Through the Exemption Motion, Mr. Wade reargued that both the Settlement and the Judgment were not enforceable against him.

The bankruptcy court properly ruled that any matter relating to these issues was beyond the scope of the relief allowed in Local Rule 4003-1, the authority upon which the Exemption Motion was based. The primary thrust of Mr. Wade's arguments on appeal relates to the bankruptcy court's failure to determine that the allowed exemption in the Property trumps Ms. Stevens' rights under the Settlement and the Judgment.

Bankruptcy courts are courts of limited jurisdiction. See Stern v. Marshall, 546 U.S. 2 (2011). The bankruptcy court had core jurisdiction under 28 U.S.C. § 157(b)(2) with respect to "allowance or disallowance of . . . exemptions from property of the estate." That jurisdictional provision does not extend to determining an

---

[4](...continued)
for ex parte relief of the type sought. Mr. Wade also filed an adversary proceeding in the bankruptcy court seeking to reinstate the automatic stay and to determine that attempted enforcement of the Judgment by Ms. Stevens violated the automatic stay. The complaint was dismissed summarily for failure to prosecute after Mr. Wade did not pay the filing fee within the time allowed.

exemption that a debtor might claim in state court proceedings. Further, the bankruptcy court previously had been divested of jurisdiction entirely over the dispute between Mr. Wade and Ms. Stevens as a direct result of the entry of the First Stay Relief Order and the Second Stay Relief Order. Any remaining issues between the parties are solely within the jurisdiction of the state court. The bankruptcy court's recognition of the limits on its jurisdiction in the dispute was not error.

## VI. CONCLUSION

The bankruptcy court entered an order that assured that Mr. Wade's exemption was honored in the bankruptcy case. In light of both the limited purpose of an exemption in bankruptcy proceedings and the bankruptcy court's lack of jurisdiction over the fundamental dispute between Mr. Wade and Ms. Stevens, the bankruptcy court did not err in denying Mr. Wade's request to determine that the bankruptcy exemption trumped Ms. Stevens' rights in and to the Property in state court proceedings to enforce the Judgment.

We AFFIRM.