25-1106-cv
*Kulmann v. U.S. Postal Serv.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty-six.

PRESENT:
> EUNICE C. LEE,
> BETH ROBINSON,
> > *Circuit Judges*,
> ERIC R. KOMITEE,
> > *District Judge.\**

_____

**Linda Kulmann,**

> *Plaintiff-Appellant*,

> **v.**                                                    **25-1106**

_____

\* Eric R. Komitee, of the United States District Court for the Eastern District of New York, sitting by designation.

**United States Postal Service, Waterbury Branch, Brandon, Manager, Tony, Mail Carrier,**

*Defendants.*

_____

FOR PLAINTIFF-APPELLANT:          Linda Kulmann, pro se, Southbury, CT.

FOR DEFENDANTS:          No appearance.

Appeal from a judgment of the United States District Court for the District of Connecticut (Omar A. Williams, *Judge*; Robert M. Spector, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Linda Kulmann, proceeding pro se, appeals from the district court's judgment *sua sponte*, meaning on its own initiative, dismissing her complaint for lack of subject matter jurisdiction. Kulmann sued a branch of the United States Postal Service ("USPS"), a mail carrier, and a post office manager, alleging that they failed to deliver her mail. A magistrate judge recommended dismissing

the complaint for lack of subject matter jurisdiction. Before Kulmann objected and before her time to do so expired, the district court adopted the recommendation and dismissed Kulmann's complaint. The district court subsequently observed that Kulmann had filed her objections in the wrong case and permitted Kulmann additional time to correctly file her objections. Kulmann moved to alter or correct the record, and filed her objections. The district court reviewed her objections, but again adopted the magistrate judge's recommendation and dismissed Kulmann's complaint without prejudice and without leave to amend for lack of subject matter jurisdiction. The court denied as moot Kulmann's motion to alter or correct the record. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.[1]

We review *de novo* the *sua sponte* dismissal of a complaint for lack of subject matter jurisdiction. *See Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2d Cir. 2001). Because Kulmann "has been pro se throughout, [her] pleadings and

_____

[1] We deny Kulmann's pending motion to alter the record on appeal and for default for failure to appear. We also deny Kulmann's pending motion for referral to the U.S. Office of the Inspector General.

3

other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

The district court's first dismissal order was premature, but any error was harmless because the district court later permitted Kulmann to file her objections, and then properly considered those objections before again concluding that it would adopt the magistrate judge's recommendation and dismiss Kulmann's complaint.

As to the district court's second dismissal order, the court was correct that *sua sponte* dismissal of Kulmann's complaint was warranted. To the extent Kulmann sought damages, the district court lacked subject matter jurisdiction because her claims were barred by sovereign immunity.[2] "The waiver of [federal] sovereign immunity is a prerequisite to subject-matter jurisdiction." *Presidential Gardens Assoc. v. United States ex rel. Sec'y of Housing and Urban Development*, 175 F.3d 132, 139 (2d Cir. 1999). And "the Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Serv.*, 546 U.S.

---

[2] In her objections to the report and recommendation, Kulmann clarified that the private attorney she referenced in her complaint was not a defendant in this action.

4

481, 484 (2006).

"Although the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name,' the statute also provides that the [Federal Tort Claims Act ("FTCA")] 'shall apply to tort claims arising out of activities of the Postal Service[.]'" *Id.* (quoting 39 U.S.C. § 409(c)) (internal quotation marks and citation omitted). Under the FTCA, "the United States may be liable if postal employees commit torts under local law," *id.* at 485, but not for claims "'arising out of the loss, miscarriage, or negligent transmission of letters or postal matter,'" *id.* (quoting 28 U.S.C. § 2680(b)). This exception includes suits for "the intentional nondelivery of mail." *U.S. Postal Serv. v. Konan*, 146 S. Ct. 736, 746 (2026). Kulmann alleged that USPS employees intentionally failed to deliver her mail and incorrectly marked her residence as "vacant." Such activities fall within the FTCA's postal exception. *See Konan*, 146 S. Ct. at 742. ("Both 'miscarriage' and 'loss' of mail under the postal exception can occur as a result of the Postal Service's intentional failure to deliver the mail."). Accordingly, Kulmann's claims for damages were barred by sovereign immunity.

5

The district court was also correct that Kulmann could not bring claims based on the federal criminal statutes she cited. "[I]n our federal system crimes are always prosecuted by the Federal Government." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972). Thus, the district court did not err in dismissing Kulmann's claims based on federal criminal statutes, though the dismissal of these claims is *with prejudice* under Rule 12(b)(6). *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713 (2d Cir. 2019) (affirming dismissal of plaintiffs' claims based on "federal mail fraud statutes" under Rule 12(b)(6) because there is no "private cause of action").

Although the district court did not address whether Kulmann sought prospective injunctive relief, she failed to plausibly allege that the defendants were violating federal law. "The ability to sue to enjoin unconstitutional actions by state and federal officers is the creation of courts of equity, and reflects a long history of judicial review of illegal executive action, tracing back to England." *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 327 (2015). Here, Kulmann appeared to claim that a private attorney involved in cases regarding her late father's estate was conspiring with the USPS employees to deprive her

6

of mail and therefore impede her ability to participate in the court cases. However, Kulmann's complaint failed to plausibly allege that the USPS employees were failing to deliver her mail as part of a scheme to deprive her of access to the courts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Finally, the district court properly denied Kulmann leave to file an amended complaint because amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying a pro se litigant's request to amend her complaint where repleading would not cure the substantive issues, and thus, would be futile).

We have considered all of Kulmann's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7